Petition for Writ of Mandamus Denied in Part and Granted in Part and
Opinion filed December 17, 2007








 

Petition
for Writ of Mandamus Denied in Part and Granted in Part and Opinion filed December 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00937-CV

____________

 

IN RE J.H.S., Jr., as next friend
of J.S.S.
(a minor), Relator

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R A N D U M   O P I N I O N

Relator J.H.S., Jr., as next friend of J.S.S., a minor, has
filed a petition for writ of mandamus in this court.  See Tex. Gov=t Code Ann. '22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator requests
that we direct respondent, the Honorable Robert J. Kern, presiding judge of the
387th District Court of Fort Bend County, Texas, to vacate his October 31, 2007
order denying relator=s motion for protection of certain 
medical, psychological, and psychiatric records of J.S.S., a minor who is not
party to the underlying suit.[1]









Relator has not shown that the trial court abused its
discretion in denying the motion for protection of J.S.S.=s psychological
and psychiatric records.  We therefore deny the petition insofar as it seeks
relief from provisions of the order (1) granting a psychiatric expert
restricted access to J.S.S.=s psychological and psychiatric records
for purposes of conducting a custody evaluation of J.F.J., who is J.S.S.=s half-brother, in
the underlying divorce action between J.S.S.=s and J.F.J.=s mother and
J.F.J.=s father; (2)
requiring real party in interest N.P.J., mother of J.S.S., to execute necessary
releases to permit the expert=s restricted access to J.S.S.=s psychological
and psychiatric records; and (3) requiring the expert (a) to segregate J.S.S.=s records from any
other records in his possession related to the parties in the underlying suit;
(b) not to make reference to the contents of J.S.S.=s records in his
written report; and (c) to submit his report in camera to the court, from which
it will not be released without further order and only after provision of
notice to relator. 








The record contains no evidence to support a conclusion
that any party to the underlying action relies on J.S.S.=s medical
condition as part of that party=s claim or defense.  See Tex. R.
Evid. Ann. 509(e)(4) (Vernon 2003); R.K. v. Ramirez, 887 S.W.2d 836, 842B43 (Tex. 1994). 
Although the order is tailored to restrict disclosure of the medical records
only to the expert who will conduct the custody evaluation and to limit the
expert=s  use of
information from those records in his report, which will be submitted only in
camera to the court, there has been no threshold showing to justify even
restricted access to J.S.S.=s medical records.  Therefore, we conclude
that the trial court abused its discretion in denying relator=s motion for
protection of J.S.S.=s medical records, and that relator does
not have an adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 837B39, 843 (Tex.
1992) (orig. proceeding).  Accordingly, we conditionally grant relator=s petition for
writ of mandamus insofar as it seeks relief from the order=s provisions (1)
granting the expert access to J.S.S.=s medical records
and (2) requiring real party in interest N.P.J. to execute releases to permit
the expert=s access to J.S.S.=s medical
records.  We are confident the trial judge will vacate such portions of the
October 31, 2007 order; the writ will issue only if the trial judge fails to do
so.

We hereby lift our order of November 7, 2007 staying the
trial court=s October 31, 2007 order.

PER CURIAM

 

Petition Denied in Part and Granted
in Part and Memorandum Opinion filed December 17, 2007.

Panel
consists of Chief Justice Hedges and Justices Anderson and Frost.









[1]  We recognize that psychiatric records are medical
records.  For purposes of this opinion, however, Amedical records@ shall encompass those records from any
non-psychiatric medical professional who has consulted with or treated J.S.S.
for any medical issue other than a mental or emotional condition or disorder. 
The records of medical professionals who have consulted with or treated J.S.S.
for a mental or emotional condition or disorder are covered by the term Apsychiatric records.@  The records of non-medical professionals who have consulted with or
treated J.S.S. for a mental or emotional condition or disorder are covered by
the term Apsychological records.@